**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-60581

WILLIAM D. MARKIE,

Plaintiff-Appellant,

versus

DOLE FOOD COMPANY, INC.;
DOLE FRESH FRUIT COMPANY;
UNIDENTIFIED PARTIES, ABC AND XYZ,

Defendants,

DOLE FRESH FRUIT INTERNATIONAL,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-411-BrR)

February 28, 2000

Before POLITZ, GIBSON,[*] and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[**]

William D. Markie, III, appeals a judgment as a matter of law in favor of

Dole Fresh Fruit International, Limited, in his negligence action arising under the

General Maritime Law. For the reasons assigned, we affirm.

## BACKGROUND

Markie was an officer in the United States Border Patrol, stationed in

---

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gulfport, Mississippi. On the evening of July 28, 1994, Markie was assigned to a multi-agency search of the vessel M/V Santa Marta, chartered by Dole to transport fruit. The vessel was suspected of carrying contraband and/or stowaways into the United States. The inspection team waited dockside while the crew began deploying the ship's gangway in preparation for the search. Before the gangway was fully in place, the inspection team boarded and secured the ship, mustering the crew in an anteroom of the vessel. The entire crew, including the captain, remained sequestered in the anteroom for the duration of the search. They were allowed to leave only under very limited circumstances, and then only if escorted by a member of the inspection team. The search revealed no contraband or illegal stowaways, and the inspection team gave the clearance to disembark and unload cargo. The team left the ship via the same partially completed gangway used to board the vessel. Markie, the last member of the inspection team to leave the vessel, fell approximately fifteen feet onto the concrete dock below as he descended the gangway. He suffered serious injuries.

Markie brought negligence claims against Dole, alleging that the gangway was unreasonably unsafe because it was not secured adequately to the dock, the necessary support handles were not in place, and no safety net was placed under it. After the close of plaintiff's evidence, Dole moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a)(1). The district court granted the motion, concluding that no reasonable jury could find Dole negligent where government agents had hurriedly boarded and taken control of the ship while the

crew was in the process of deploying the gangway, thereby preventing the crew from finishing its duty to completely secure the gangway. Markie timely appeals this judgment.

## ANALYSIS

We review a judgment as a matter of law *de novo*, applying the same legal standard used by the district court.[1] Judgment as a matter of law is proper when a party has been fully heard on an issue and "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party on that issue."[2] In evaluating such a motion, formerly referred to as a motion for directed verdict, the court must consider all of the evidence in the light most favorable to the non-movant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence to the trier of fact.[3] A conflict in substantial evidence must exist to create a jury question.[4]

In granting Dole's motion for judgment as a matter of law, the trial court declined to address whether an open and obvious hazard can be an absolute bar to recovery in a negligence case.[5] We agree with the district court that it is

---

[1]**Foreman v. Babcock & Wilcox Co.**, 117 F.3d 800 (5th Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998).

[2]FED. R. CIV. P. 50(a)(1).

[3]**Foreman**, 117 F.3d at 804.

[4]**Id.**

[5]In its motion for judgment as a matter of law, Dole asserted that the condition of the gangway was open and obvious; therefore, Markie was barred from recovery for his negligence

3

unnecessary to address this issue in the case at bar, concluding that there is no legally sufficient evidentiary basis for a reasonable jury to find that Dole was negligent in failing to complete the deployment of the gangway under the time and movement constraints placed upon the crew members by the government personnel. The trial court properly rendered judgment as a matter of law under 50(a)(1), and that judgment is AFFIRMED.

---

claim.